JOSEPH BAFFONI *et al. vs.* PETER BAFFONI *et al.*

NOVEMBER 18, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

Per Curiam. This cause is before us on complainants' motions to assign the respondents' appeal for hearing on the merits and to have the respondents ordered to quit and vacate certain premises that are involved in the instant bill for partition. The respondents have filed a motion to dismiss such motions on the ground that the appeal is not properly before the court for assignment and hearing, because a completed transcript of the evidence in accordance with the provisions of general laws 1938, chapter 541, §§1-3, has not been filed.

It appears that the cause for partition originally was referred by the superior court to a master in chancery for hearing; that at such hearing comprehensive evidence was introduced by and on behalf of the respective parties; that a complete transcript of such testimony was duly made by a competent stenographer; and that such transcript and the exhibits were filed in the superior court together with the report of the master, who found that partition should be made with owelty payments to equalize the division of the property involved. Thereafter several hearings took place before the presiding justice of the superior court substantially upon the master's report, and apparently only a comparatively small amount of additional evidence was introduced by either party.

Thereupon a decree was entered confirming the partition as found by the master, and the respondents duly claimed an appeal therefrom. When it was evident that a transcript of such additional testimony would not be available because of the illness of the court stenographer, who has since that time deceased, the presiding justice, *ex parte* on the suggestion of complainants, certified to this court the record

in its present incomplete form in order to permit the parties to obtain a determination of the procedure deemed necessary to perfect the appeal.

The respondents contend that the appeal is not properly before this court and therefore is not in order for assignment and hearing. This is technically correct since it has been held that in the absence of agreement by the parties a complete transcript of evidence is essential to the perfecting of an appeal in equity under G. L. 1938, chap. 541, §§1-3. *Purcell* v. *John Hancock Mutual Life Ins. Co.,* 56 R. I. 93, 96; *Austin* v. *Newport Trust Co.,* 65 R. I. 87. We are constrained, therefore, to grant the respondents' motion to dismiss the complainants' instant motions on the ground that a proper and sufficient transcript has not been filed in accordance with the pertinent statutory provisions.

However, in the peculiar circumstances here we think that the cause need not be remanded for a complete new trial as the respondents urge. In our opinion justice will be served if the cause is remanded to the superior court to permit the completion of the record in accordance with the following instructions.

The presiding justice of the superior court will give the attorneys of record at the time of the hearings in the superior court, one of whom has withdrawn without the court's approval, an opportunity to present within a specified time for his approval an agreed statement of the additional evidence which was introduced in the superior court after the master's report was filed. In the event such an agreed statement for any reason is not so filed, the presiding justice may require each of those attorneys to present a statement of the additional evidence and thereupon, after hearing, he may approve such of the facts in these statements as conform, in his judgment, to the evidence that was actually presented before him in the superior court.

Upon his approval of such statement or statements of facts, the parties may be heard upon the allowance of the

record as a whole, consisting of the transcript of testimony and the exhibits introduced before the master and the additional statements of evidence as approved by the presiding justice. Thereupon, after hearing, the presiding justice may allow such record as and for the transcript of evidence, which may then be certified to this court for such further proceedings as may be deemed necessary.

The respondents' motion to dismiss the complainants' motions is granted without prejudice, and the papers in the cause are remanded to the superior court for further proceedings in accordance with this opinion.

*Greenough, Lyman & Cross, Alfred B. Stapleton,* for complainants.

*Irving Brodsky,* for respondents.